UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MELVIN CRONE, No. 12-11257

                Debtor(s).
_____/

Memorandum on Chapter 13 Plan Confirmation
_____

      On June 1, 2011, the Debtor, Melvin Crone filed a voluntary petition under Chapter 13 (Case No. 11-12107). That case was dismissed prior to confirmation for the Debtor's failure to comply with the Chapter 13 Trustee's requests.

      On January 12, 2012, Crone filed a voluntary petition under Chapter 7 (Case No. 12-10100). On his schedules, the Debtor included $493 in priority debt to the IRS, and $6,485 in unsecured debt arising from a student loan. On May 22, 2012, Crone received a Chapter 7 discharge.

      On May 1, 2012, Crone filed the instant voluntary petition under Chapter 13, his third petition within a one-year period. On his schedules, Crone included his increased tax liability of $678 to the IRS. His only unsecured debt was the $6,485 owing on his student loan, which was not discharged in the Chapter 7 case. Crone proposed to pay $350 for 60 months through the Chapter 13 plan, with a 0% dividend to unsecured creditors.

      On August 23, 2012, Crone filed a motion to value and avoid the lien of JP Morgan Chase, holder of the second priority deed of trust on Crone's residence. Chase objected to the motion on two

1

grounds: (1) a lien strip in a "Chapter 20" is impermissible because it amounts to a *de facto* discharge which is prohibited by 11 USC § 1328(f)(1) and would violate *Dewsnup v. Timm*, 502 U.S. 410 (1992) (holding that in a Chapter 7 case, § 506(d) does not allow petitioner to "strip down" a lien where the lien has been fully allowed pursuant to § 502), and (2) Crone did not file his plan in good faith. Chase objects to the plan of the same reasons. The Chapter 13 Trustee has also moved for dismissal of the case. All three matters are now before the court.

There is an accruing split of authority among courts across the country regarding the permissibility of Chapter 20 lien stripping. See *Frazier v. Real Time Resolutions,* Inc., 469 BR 889, 895 (E.D. Cal. 2012), *In re Jennings*, 454 B.R. 252, 256 (Bankr. N.D. Ga. 2011)(citations omitted). Generally speaking, courts have adopted one of three approaches: (1) Chapter 20 lien stripping is permissible because nothing in the Bankruptcy Code prevents it;[1] (2) Chapter 20 lien stripping is permissible; however, after plan consummation, without a discharge, the parties' pre-bankruptcy rights are reinstated (essentially disallowing the lien strip in the end);[2] or (3) Chapter 20 lien stripping is impermissible, because it amounts to *de facto* discharge, which is prohibited by 11 USC § 1328(f)(1) and would violate *Dewsnup v. Timm*, 502 U.S. 410 (1992) (holding that in a Chapter 7 case, § 506(d) does not allow petitioner to "strip down" a lien where the lien has been fully allowed pursuant to § 502), and Congress' inclusion of a discharge requirement in § 1325(a)(5).[3]

---

[1] See *In re Fisette*, 455 B.R. 177 (B.A.P. 8th Cir. 2011), *In re Tran*, 431 B.R. 230 (Bankr. N.D. Cal. 2010)(affirmed on other grounds), *In re Hill, 440 B.R. 176* (Bankr. S.D. Cal. 2010), *In re Okosisi*, 451 B.R. 90 (Bankr. D. Nev. 2011), *In re Waterman*, 447 B.R. 324 (Bankr. D. Colo. 2011).

[2] See *In re Casey*, 428 B.R. 519 (Bankr. S.D. Cal. 2010); *In re Trujillo*, 2010 WL 4669095 (Bankr. M.D. Fla. Nov. 10, 2010); *Hart v. San Diego Credit Union*, 449 B.R. 783 (Bankr. S.D. Cal. 2010); *In re Jazo*, 2010 WL 3947303 (S.D. Cal. Sept. 28, 2010).

[3] See *In re Victorio*, 454 B.R. 759, 2011 WL 2746054 (Bankr. S.D. Cal. 2011); *In re Winitzky*, 2009 Bankr. LEXIS 2430 (Bankr. C.D. Cal. May 7, 2009); *In re Gerardin*, 447 B.R. 342 (Bankr. S.D. Fla. 2011) (holding that Chapter 20 debtor could not avoid lien because of ineligibility for discharge); *In re Fenn*, 428 B.R. 494 (Bankr. N.D. Ill. 2010) (holding that by virtue of Section 1325(a)(5) holder of secured claim retains the lien until the underlying debt is

1  Chase urges the court to adopt the third option; the Debtor urges the Court to adopt the first.

2  In the absence of controlling authority, the court elects to follow *In re Tran,* 431 B.R. 230 Bkrtcy.N.D.Cal.2010) aff'd 814 F.Supp.2d 946 (N.D. Cal.2011) for two reasons. First, it was decided by a distinguished jurist after careful deliberation. Second, it was affirmed by a district court in this district.

Under *Tran*, as the court interprets it, a consensual lien may be stripped in a proper "Chapter 20" case, provided that the debtor proves good faith. Resolution of the case therefore requires a good faith analysis, which is done on a case-by case basis considering all the facts and circumstances. *In re Goeb,* 675 F.2d 1386, 1390 (9th Cir. 1982); *In re Lepe*, 470 B.R. 851, 856 (9th Cir. BAP 2012).

The filing of a Chapter 13 on the heels of a Chapter 7 is not *per se* bad faith. *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150 (1991). However, it is generally considered to be bad faith to manipulate the Bankruptcy Code to achieve a result not permitted in Chapter 7 merely by calling it a Chapter 13. *In re Eisen,* 14 F.3d 469, 470 (9th Cir 1994). One such improper manipulation is an attempt to circumvent *Dewsnup. Tran ,* 431 B.R. at 238.

The most critical issue in determining if a "Chapter 20" is a good faith filing is whether there it is an unfair manipulation of the Bankruptcy Code. Where there is an interval of years between the Chapter 7 filing and the subsequent Chapter 13, and a significant change of circumstances, the Chapter 13 might well be found to be filed in good faith even though not enough time has elapsed for the debtor to be eligible for another discharge. See, e.g., Judge Efremsky's decision in *In re North,* 2012 WL 4919788 (Bkrtcy.N.D.Cal.21012), allowing a lien strip where 2 ½ years elapsed between the

---

paid in full or discharged); *In re Orkwis*, 457 B.R. 243 (E.D.N.Y. 2011); *In re Jarvis*, 390 B.R. 600 (Bankr. C.D. Ill. 2008) (finding discharge a necessary prerequisite to permanency of lien avoidance); *In re Lilly*, 378 B.R. 232, 236-37 (Bankr. C.D. Ill. 2007) (holding that by virtue of Section 1325(a)(5) holder of secured claim retains the lien until the underlying debt is paid in full); *In re Lindskog*, 451 B.R. 863 (Bankr. E.D. Wis. 2011); *In re Erdmann*, 446 B.R. 861 (Bankr. N.D. Ill. 2011); *In re Mendoza*, 2010 Bankr. LEXIS 664, 2010 WL 736834 (Bankr. D. Colo. Jan. 21, 2010); *In re Blosser*, 2009 Bankr. LEXIS 1049, 2009 WL 1064455 (Bankr. E.D. Wis. Apr. 15, 2009).

3

Chapter 7 and the Chapter 13. On the other hand, a Chapter 13 filing right on the heels of a Chapter 7, with no changed circumstances, indicates a bad faith manipulation.

Crone fails this critical test. Not only was his Chapter 13 filed less than four months after the Chapter 7, Crone did not even wait for his Chapter 7 discharge to be entered. This is a strong indication that Crone intended from the beginning to manipulate the Bankruptcy Code to avoid the Supreme Court ruling in *Dewsnup*. Crone does not point to any changed circumstances, nor does there appear to be any other reason why he chose to file a Chapter 13 after a Chapter 7 instead of just one Chapter 13. His testimony, only a few sentences long, alleges that he "lost hope" when he filed his Chapter 7 but does not say what changed in the few months between filings. Moreover, all three of his cases were filed by the same bankruptcy lawyer. Crone has not met his burden of establishing good faith.

For the foregoing reasons, Crone's motion to avoid Chase's lien will be denied, Chase's objection to confirmation of Crone's plan will be sustained, and the Trustee's motion to dismiss this case will be granted. Counsel for Chase and counsel for the Trustee shall submit appropriate forms of order.

Dated: December 13, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge